UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD P. LARIVIERE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 9-515-P-S |
| | ) |
| BANK OF NEW YORK AS TRUSTEE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

On June 23, 2009, Donald and Doris Lariviere filed a thirty-page complaint in the York County Superior Court.  The complaint alleged "far reaching fraudulent schemes" (Compl. ¶ 1) against numerous defendants, including Litton Loan Servicing, LP.  Upon receiving notice of the lawsuit, Litton removed the case to this court on October 13, 2009.  On October 22, 2009, Litton filed a motion for a more definite statement (Doc. No. 5) claiming that the complaint was so vague and ambiguous that it was unable to frame a responsive pleading.  The Larivieres never responded to the motion and on November 16, 2009, I ordered them to file an amended complaint by December 1, 2009, that set forth more clearly the claim against Litton, as well as the other defendants.   No amended complaint has ever been filed.  On December 2, 2009, I issued an order to show cause to the Larivieres, ordering that they show cause by December 16, 2009, as to why the case against Litton should not be dismissed because of their failure to prosecute the action.  The Larivieres have never responded to my order to show cause.  I now recommend that the complaint removed to this court by Litton Loan Servicing, LP be dismissed with prejudice as to Litton and the remainder of the complaint be remanded to the state court.

**Discussion**

The Larivieres' complaint alleges claims under both state and federal law, including the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, et.seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, Federal Truth-In-Lending Act, 15 U.S.C. §1605, and the Fair Credit Reporting Act, 15 U.S.C. § 1681.  What role, if any, Litton played in any of these alleged violations has never been explained by the Larivieres although they have been given ample opportunity to do so.   Applying the United States Supreme Court's Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) to these allegations, I conclude that this complaint should be dismissed for failure to state a claim.  In Iqbal the court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  129 S. Ct. at 1949.   It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id.  (quoting Twombly, 550 U.S., at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

As indicated above, it is impossible to discern which allegations of the complaint pertain to Litton.   Given the Iqbal majority's conclusion that that complaint did not sufficiently allege a claim against defendants Ashcroft and Mueller, see id at 1955, 1060-61 (Souter, J., joined by Stevens, J., Ginsburg, J., and Breyer, J. dissenting), it cannot be doubted that this complaint must be dismissed for failing to state a claim against Litton.  What is more, the Larivieres have had two opportunities to respond to the court by amending their complaint and explaining their

2

claims more precisely. They have failed to avail themselves of the opportunities and, thus, have failed to diligently prosecute their case within the meaning of Federal Rule of Civil Procedure 41(b).

## Conclusion

Based upon the foregoing I recommend that this complaint be dismissed with prejudice as to Litton Loan Servicing LP and that the remainder of the complaint be remanded to the York County Superior Court.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 21, 2009